Shelton DUSTIN

v.

Carole Jeanne BELANGER et al.

Supreme Judicial Court of Maine.

Argued Jan. 16, 1981.

Decided May 6, 1981.

Levey & Wessler, Stephen L. Wessler, Winthrop (orally), for plaintiff.

Cloutier, Joyce, Dumas & David, Edward H. Cloutier (orally), Edward S. David, Livermore Falls, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS, ROBERTS and CARTER, JJ.

WERNICK, Justice.

Plaintiff Shelton Dustin is the natural father of two minor children who are living with their mother and her husband, the defendants Carole Jeanne Belanger and David Belanger. Plaintiff asked the Superior Court (Kennebec County) to "enjoin the Defendants or either of them from prohibiting his visitation with and by his children, and ... to grant Plaintiff specific appropriate visitation with and by his children." The Superior Court refused to grant plaintiff visitation rights, at least for the time being, and plaintiff has appealed from that judgment.

We deny the appeal and affirm the judgment.

The facts are not in dispute. The two children were born while, prior to 1978, plaintiff and defendant Carole Belanger were living together without benefit of marriage. Primarily because plaintiff drank too much and physically abused Carole, sometime in 1978 they ceased living together. Thereafter, both of them married other people, Carole marrying defendant David Belanger. Later, Carole and David sought to have the children adopted by David. Plaintiff contested the proposed adoption, and it was denied.

After plaintiff and Carole had ended their relationship plaintiff neither visited his children nor contributed to their support, but the adoption proceeding revived his interest in his children. When plaintiff attempted to begin visiting with them, defendants refused to permit the visitation, and plaintiff brought the proceedings now before us.

In denying plaintiff visitation rights, the Superior Court justice found that

"it would not be in the best interest of the minor children for the plaintiff to exercise rights of visitation at this time."

However, what has really led to the present appeal, and crystallized the central issues raised, is the following additional comment by the justice:

"While the evidence clearly establishes that plaintiff is less than an ideal parent, it does not appear that the evidence would warrant an *absolute prohibition* of visitation rights *if plaintiff was in the status of a divorced parent* although substantial restrictions on such visitation rights would undoubtedly be justified." (emphasis added)

Focusing on the words we have emphasized, plaintiff asserts two points on appeal, the second of which depends on plaintiff's being successful with the first. The first contention is that the justice gave, if not determinative, at least disproportionate weight to the plaintiff's status of never having been married to the mother of his children. Hence, plaintiff says second, the Superior Court violated his right to the "equal protection of the laws" guaranteed

by Article I, § 6–A of the Constitution of Maine and the Fourteenth Amendment of the Constitution of the United States.

Addressing the first point, we conclude that the Superior Court justice gave neither determinative nor undue weight to the fact that plaintiff never married the mother of his children. We therefore have no occasion to reach the second, the constitutional, issue plaintiff raises.

■ We must accept as conclusive the findings of fact made by the Superior Court justice, more particularly since the record on appeal contains no transcript of the evidentiary proceedings in the Superior Court. In his written opinion the justice made detailed findings of fact delineating plaintiff's delinquency in discharging his parental responsibilities and the lack of a meaningful relationship between him and his children, beyond the fact of his being their natural father. In contrast, only once did the justice mention in his opinion the point that plaintiff had not married the mother of the children. We therefore disagree with plaintiff's contention that this latter fact was the sole, or the predominant, basis of the justice's refusal to grant visitation rights.

■ It was not improper for the Superior Court justice to take cognizance of this absence of marriage as at least a consideration having some relevance. In making the decision regarding child custody or visitation, a hearing justice is required to evaluate "all factors having reasonable bearing on the physical and psychological well-being of the child." *Costigan v. Costigan*, Me., 418 A.2d 1144, 1146 (1980). The exact nature of the past and present relationships between the natural parents of children can have a bearing upon the best interests of the children. Hence, absent a showing that the justice gave undue weight to the lack of a marriage relationship between the mother and father of the children in his balancing assessment of the children's best interests, the fact that the justice gave it some consideration does not constitute legal error. Since our examination of the entirety of the justice's opinion satisfies us that he did not

attribute disproportionate weight to the absence of a marriage relationship between the children's natural parents, we find no error in the justice's determination.

The entry shall be:

Appeal denied; judgment of the Superior Court affirmed.[1]

All concurring.

---

1. As we have mentioned, the Superior Court's decision concerns the best interests of the children "at this time." It is open to plaintiff in the future, should he make an adequate commitment to promote the welfare of his children, to reassert his claim to be afforded visitation rights.